NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| NEW JERSEY RIGHT TO LIFE COMMITTEE, INC., : :   Plaintiff, : : v. : : NEW JERSEY REPUBLICAN PROLIFE : COALITION, DANIEL F. CLARK, an : individual, JOHN DOE(S) 1-10 (said names being fictitious), and ABC CORPORATION(S) 1-10 (said names being fictitious)   Defendants. | **Hon. Dennis M. Cavanaugh**  **OPINION**  Civil Action No. 05-5443 (DMC) |

<u>DENNIS M. CAVANAUGH, U.S.D.J.</u>:

  This matter comes before the Court upon Defendants New Jersey Republican Prolife Coalition and Daniel F. Clark's ("Defendants") motion to set aside default judgment pursuant to Federal Rule of Civil Procedure 55(c). For the reasons set forth below, Defendants' motion is **granted.**

**I. BACKGROUND**

  Plaintiff New Jersey Right to Life Committee ("Plaintiff") filed a complaint on November 17, 2005, against Defendants, alleging that Defendants had willfully and illegally copied Plaintiff's copy-right protected online works, including its source code, in violation of New Jersey statutory law. On May 15, 2006, Plaintiff filed a motion for default judgment

pursuant to Fed. R. Civ. P. 55 for statutory damages, injunctive relief, and attorneys' fees. (Pl. Br. at 1). Default Judgment was entered against Defendants on May 22, 2006. Defendants submitted an answer to the Complaint on June 6, 2006, stating that the delay in filing the answer was due to excusable neglect as described in Fed. R. Civ. P. 60(b). Defendants filed the instant motion to set aside the default on June 9, 2006. Plaintiff opposes Defendants' motion.

## II. DISCUSSION

### A. Standard for Vacating a Default Judgment

Fed. R. Civ. P. 55(c) states that when good cause is shown the court may set aside an entry of default in accordance with Rule 60(b), which grants relief from such judgment when there has been mistake, excusable neglect, newly discovered evidence or fraud. Federal Courts generally disfavor the entry of default judgment against a party, preferring that "cases be decided on their merits." United States v. $55,518.05 in U.S. Currency, 788 F.2d 192, (3rd Cir. 1984).

The Third Circuit Court has noted that in determining whether to set aside a default under Rule 55(c), District Courts should consider: (1) whether the defendant has a meritorious defense; (2) whether the default was the result of the defendant's culpable conduct; and (3) whether the plaintiff will be prejudiced. United States v. $55,518.05 in U.S. Currency, 728 F.2d at 194-195.

### B. Analysis

This Court will apply the standard set forth in $55,518,05 in U.S. Currency, and also will consider the totality of circumstances surrounding the nature of Defendants' explanation for default, the amount in controversy, and whether entry would produce an unfair result.

**i. Defendants present a meritorious defense.**

Key factors in deciding whether to vacate a default judgment are whether the moving

party has good cause pursuant to Rule 55(c) and whether a defendant has a meritorious defense. Here, Defendants put forth several defenses: (1) Plaintiff did not register "NJ Right to Life" as a trade name and is barred from bringing an action under the Lanham Act; (2) a statutory "Fair Use" defense; (3) that Plaintiff's copyright registration effective date is not within the three month grace period for awarding damages under the Lanham Act; (4) the use of metatags in source codes does not create a likelihood of diversion nor does the appearance of the terms "NJ" and "Right to Life" constitute willful and purposeful conduct to divert; and (5) that Defendant's affirmative defenses of laches and estoppel prevent Plaintiff's recovery of damages. (Def. Reply Br. at 3-10).

In order to show a meritorious defense, Defendant must show an arguable theory of defense, one which would most likely affect the substantive result of the case. Sierra Foods, Inc. v. Haddon House Food Prods., Inc., 1992 U.S. Dist. LEXIS 16667 (D. Pa. 1992). The concept of meritorious defense is designed to allow the case to be decided on the merits where there are legitimate issues to be considered. Here, the Court finds that Defendants have meritorious defenses to the allegations contained in Plaintiff's complaint, including, but not limited to: (a) Plaintiff's copyright registration effective date allegedly not being within the three month grace period for awarding damages under the Lanham Act and (b) the use of metatags in source codes supposedly does not create a likelihood of diversion.

**ii. Default was not a result of Defendants' culpable conduct.**

The Court must also determine whether default was the result of the Defendants' culpable conduct. To make this determination, the Court must look at whether Defendants acted with "willfulness" or "bad faith" by failing to respond to the Complaint. See Hritz v. Woma Corp.,

732 F.2d 1178, 1181 (3d. Cir. 1984).  Furthermore, conduct amounting to a degree more than mere negligence is required to support a finding of culpable conduct.  Id.

Here, Defendant Daniel F. Clark certified to several occurrences (including, a death in the family and insufficient funds to hire counsel), which he contends precluded him from filing a timely response.   Plaintiff argues that such excuses have been offered to other district courts and have been rejected.  (Pl. Br. at 8).  Plaintiff cites ILGWU National Retirement Fund v. Empire State Mills Corp. 696 F. Supp. 885, 888 (S.D.N.Y 1988), where the court stated that the mere fact that a defendant cannot afford attorneys' fees does not justify his "complete disregard of the rules or [his] failure to notify the court of [his] predicament."  However, the Court finds ILGWU to be factually distinguishable from the instant case. Here, it appears that Defendants did not willfully disregard the rules as Defendants made a good faith effort to obtain counsel in order to file an answer, but were unable to do so due to exigent circumstances.  (See, Daniel Clark's Cert. at 2).  In sum, the Court finds that Defendants have offered a proper excuse under Fed. R. Civ. P. 60(b) for excusable neglect.

### iii. Vacating default does not prejudice Plaintiff.

In setting aside an entry of default judgment, the Court is concerned with whether Plaintiff will be prejudiced.  Plaintiff asserts that vacating default will indeed result in prejudice.  Defendant, in turn, argues that vacating the entry will not prejudice the Plaintiff because there would be no potential loss of evidence, nor threat of fraud or collusion.  Furthermore, Defendant asserts that Plaintiff has not substantially relied on the entry of default because this action is still in its infancy. (Def. Br. at 6).  Defendants rely on Feliciano v. Reliant Tooling Co. Ltd., 691 F.2d

653, 657 (3d Cir. 1982) for support of their argument that delay in adjudication of a claim rarely shows sufficient prejudice to warrant denying a motion to vacate an entry of default.  Plaintiff argues that Feliciano is distinguishable because here, Defendants' failure to file a timely response prohibited Plaintiff from seeking immediate discovery and other relief to preserve or recover evidence of Defendants' actions.  (Pl. Br. at 12).

This Court finds that Plaintiff has not been prejudiced. Both parties have stipulated to Defendants' use of "NJ Right to Life" in the production of Defendants' website, and to the fact that Defendants removed it when Plaintiff's Complaint was filed.  (Def. Cert. at 3).  Such stipulation required no evidence and as such Plaintiff has not been prejudiced.  Furthermore, Plaintiff has attached several exhibits to the complaint which substantially form the basis of the complaint and allegations set within.  There is no loss or potential of loss of available evidence or threat of fraud or collusion.

In conclusion, the Court finds that default was not a result of Defendants' culpable conduct, and that vacating default does not prejudice Plaintiff.  Furthermore, allowing the default to remain would be unfair and overly harsh in light of Defendants' meritorious defenses.

### III. CONCLUSION

For the reasons stated, it is the finding of this Court that Defendants' motion to set aside default judgment is **granted**.  An appropriate Order accompanies this Opinion.

 S/ Dennis M. Cavanaugh
Dennis M. Cavanaugh, U.S.D.J.

Date:       August 4, 2006
Original:   Clerk's Office
Cc:         All Counsel of Record
            The Honorable Mark Falk, U.S.M.J.
            File